### LION AND C. GRUMBACK v. JULES HIRSCH.

Delivered December 23, 1897.

**Bills and Notes—Acceptance of Draft Can Not Be Rescinded.**

The acceptor of a draft can not rescind the contract of acceptance on the ground of mistake, after ascertaining that the drawer has no money with one with whom she had previously kept money.

APPEAL from the County Court of Harris. Tried below before Hon. W. N. SHAW.

*John D. Fearhake*, for appellants.—The defendant was sued as the acceptor of a draft, and as such acceptor he was primarily liable thereon, and occupied the same relation to the plaintiffs, who were the payees in the draft, as the maker of a promissory note occupies to the holder

thereof, and there being no denial of the genuineness of his signature as acceptor, nor the affirmative allegation of any matter of fact constituting a defense to the action, the answer was insufficient and the trial court should have sustained plaintiffs' demurrer.. Rev. Stats. 1895, arts. 307, 1265, subdiv. 8; 2 W. & W. C. C., sec. 762; 1 W. & W. C. C., secs. 705, 754; Van Alstyne v. Sorley, 32 Texas, 518; Blum v. Loggins, 53 Texas, 121; Watson v. Flanigan, 14 Texas, 354; Hoffman v. Bank, 12 Wall. (79 U. S.), 181; Goetz v. Bank, 119 U. S., 551; Wallace v. McConnell, 13 Pet., 136; Cox v. Bank, 100 U. S., 704; Bank v. Carter, 25 N. E. Rep., 27; Tile Co. v. Bank, 23 Atl. Rep., 423; 1 Pars. on Notes and Bills, 54; Edw. on Bills and Notes, 430; Nort. on Bills and Notes, 81; Tied. on Com. Paper, 154; 4 Am. and Eng. Encyc. of Law, 2 ed., 318.

*Brashear & Dannenbaum,* for appellee. ·

FLY, ASSOCIATE JUSTICE.—Appellants sued appellee as acceptor of a draft for $400, drawn in Sarraguemines, France, by Fleurette Walther, on appellee in favor of appellants. The case was tried by the court and judgment was rendered for appellee.

There was no controversy about the facts that appellants, a firm· in Sarraguemines, France, had paid the money called for in the draft to the drawer thereof, and that appellee, in Houston, Texas, accepted the same in writing, when it was presented to him by a bank acting for appellants. The only defense was, that shortly after appellee had accepted the draft, he ascertained that the drawer had no money with a certain man with whom she had kept money in Houston, and appellee at once went to the bank that held the draft for collection, and notified it that he was not responsible, and desired to erase his acceptance. This was not permitted by the bank.

When appellee accepted the draft he became the principal debtor for the amount specified, and his acceptance was an admission that he had funds of the drawer in his hands, and he can not deny that he had such funds when suit is brought by the holder of the draft. Dan. on Neg. Inst., sec. 534, and authorities cited; Clews v. Bank, 89 N. Y., 423. It is stated by the same author, in section 493, that if the acceptor, immediately after his redelivery of the draft, discovers that he was not in funds as he had supposed, so that his acceptance was made under a mistake, he may recall and revoke it, provided there be yet time for the holder to notify the drawer and indorsers and save himself from loss. In support of the statement, the case of Bank v. Wetherald, 36 New York, 335, is cited. It is claimed by appellee that the decision is also indorsed by Tiedeman, Randolph, and Norton. The last two text-books have not been examined by this court, but Tiedeman does not indorse the doctrine of the New York case, but merely states that it has been so held in that case. He does, however, indorse the doctrine that "when the bill is once accepted and delivered to the holder, it is irrevocable, even with the consent of the holder, since the drawer and indorsers have a vested interest

in the acceptance." We have seen no other case holding to the doctrine announced in the New York case, and on the other hand there are several decisions holding the contrary doctrine. In the case of Tile Co. v. Bank, 23 Atlantic Reporter, 433, the Supreme Court of New Jersey held: "An acceptance delivered to the agent of the holder duly authorized to receive it is, in legal effect, and for all purposes, delivery to the holder. When the bill bearing the signature of the acceptor by his act or direction comes into the hands of such agent, the contract becomes eo instanti a completed one between the acceptor and the principal owner of the bill. A bill of exchange forwarded to or delivered into the hands of a bank or banking house for the purpose of presentation to the person upon whom the bill is drawn for his acceptance in the usual course of business, is a transaction that creates the relation of principal and agent between such holder and the bank, with authority in such agent to receive in the holder's behalf delivery of the acceptance when signed. The Mechanics National Bank of Trenton was, therefore, the agent of the plaintiff to procure in the plaintiffs' name acceptance of the bill in question. The bill was presented to the defendant in due course, and regularly accepted by its authorized officer, and delivered to such agent of the plaintiff. There would thus appear a finished transaction of legally binding force, vesting rights in the plaintiff which could not thereafter be divested without its consent. The defendant, however, claims that it had the right to, and did, revoke its acceptance. * * * For such a right neither dictum nor authority has been found in any reported case determined upon principles of the common law."

In the case of Hoffman v. Bank, 79 U. S., 181, it is said: "Money paid under a mistake of facts, it is said, may be recovered back as having been paid without consideration; but the decisive answer to that suggestion, as applied to the case before the court is, that money paid, as in this case, by the acceptor of a bill of exchange to the payee of the same or to a subsequent indorsee, in discharge of his legal obligation as such, is not a payment by mistake nor without consideration, unless it be shown that the instrument was fraudulent in its inception, or that the consideration was illegal, or that the facts and circumstances which impeach the transaction, as between the acceptor and the drawer, were known to the payee, or subsequent indorsee, at the time he became the holder of the instrument."

We think the true doctrine, as applicable to this case, is stated in the foregoing extracts. When appellee signed the acceptance he became the principal debtor, and he would have no more right to rescind this contract on the ground of mistake as to having funds of the drawer on hand than he would to rescind a contract because he had no funds of his own to pay what he had promised.

The judgment of the County Court will be reversed, and judgment here rendered in favor of appellants for the amount of their claim.

*Reversed and rendered.*